# Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

| |
|---|
| ANONYMOUS, <br><br>                                                  Plaintiff, <br><br>             - against - <br><br> MIKE TYSON, <br><br>                                                  Defendant. |

Index No:

**ATTORNEY AFFIRMATION**

      DARREN SEILBACK, ESQ., an attorney at law, duly admitted to practice law in the Courts of the State of New York, hereby affirms, under penalties of perjury, as follows:

    1.    I am a member of the law firm of ODDO & BABAT, P.C., attorneys for the plaintiff herein, identified in the above caption as "ANONYMOUS," and as such, I am fully familiar with all the facts and circumstances concerning the instant application.

**RELIEF SOUGHT**

    2.    I submit this affirmation in support of the plaintiff's Order to Show Cause pursuant to CRL §50-B, allowing the plaintiff to proceed as "ANONYMOUS," and pursuant to 22 NYCRR 216.1(a), permitting a limited sealing of the plaintiff's deposition transcripts and any documents that may lead to the plaintiff's identification in all future proceedings in this matter by the plaintiff against the defendant, MIKE TYSON, together with such other and future relief as this Court may deem just and proper. No prior relief of this matter has been previously requested.

**FACTUAL HISTORY**

    3.    As demonstrated by plaintiff's affidavit, plaintiff clearly has a viable cause of action against the defendant. To preserve the anonymity of the plaintiff, the name and signature

has been redacted from the affidavit. However the unredacted copies will be made available for an *in-camera* inspection on the return date, should the Court request so. For the sanctity of brevity and to spare the Court a factual recitation of the heinous rape endured by the plaintiff, I rely on but refrain from repeating the horrific details, but instead defer to the factual statements in the plaintiff's affidavit annexed hereto.

4. These allegations were not simply accepted as reliable or trustworthy by our firm. My office conducted a thorough and incredulous investigation into these allegations and determined that they are <u>highly</u> credible. Indeed, it turned out that numerous allegations have been made against the defendant.

5. Moreover, the popularity and celebrity status of the defendant would certainly cause further scrutiny to the plaintiff. This will be in the news across the country and plaintiff's identity must be protected.

## PROCEDURAL HISTORY

6. Despite the overwhelming evidence that the current allegations against defendant Mike Tyson are credible, it is most unfortunate that the instant application is necessary.

## PROCEEDING ANONYMOUSLY AS ANONYMOUS

7. When a case involves claims of sexual assault and sexual misconduct, courts have allowed a plaintiff to proceed under the use of a pseudonym. <u>Due v. New York University</u>, 6 Misc. 3d 866, 786 N.Y.S.2d 892 (NY Sup. Ct. 2004), permitting the plaintiffs to proceed anonymously in a sexual assault case; <u>Sevens v. Brown</u>, 2012 N.Y. Slip Op 31823 (sup. Ct., N.Y. County 2012), allowing the plaintiff to proceed under a pseudonym due to the deeply personal and sensitive subject matter involving sexually transmitted diseases; <u>Doe v. Szul Jewelry</u>, N.Y. Slip Op 31382 (NY Sup. Ct. 2008), permitting the plaintiff to use a pseudonym in

an action involving claims related to sexual harassment; Jane Doe 1 v. Beth Israel Med. Ctr., 2018 NY Slip Op 31964 (Sup. Ct.), where a plaintiff alleges sexual assault and misconduct.

8. Additionally, Civil Rights Law §50-b also provides authority for the plaintiff to proceed anonymously in this case. Anonymity in a civil lawsuit under §50-b has been permitted where the actions alleged relate to a criminal act where substantial evidence exists that a sex offense has been committed. Specifically, plaintiffs are permitted to proceed anonymously on cases that involve sexual abuse. Doe v. Szul Jewelry, Inc., 2008 N.Y. Slip Op 31382(U) (Sup. Ct.). To obtain anonymity, there must be a showing that the privacy interest involved is substantial, so as to overcome the presumption of openness that attends judicial proceedings. Doe v. Kidd, 19 Misc. 3d 782, 788, 860 N.Y.S.2d 866 (Sup. Ct. 2008). Plaintiffs' privacy interests, although not recognized under New York State's common law, is found in the Civil Rights Law. Stephano v. News Group Publs, 64 N.Y.2d 174, 474 N.E.2d 580, 485 N.Y.S.2d 220 (Ct. of App. 1984); Arrington v. New York Times Co., 55 N.Y.2d 433, 434 N.E.2d 1319, 449 N.Y.S.2d 941 (Ct. of App. 1982).

9. In determining to request to proceed anonymously, the Doe v. Szul Jewelry court considered:

> "Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; whether the party seeking anonymity has an illegitimate ulterior motive; the extent to which the identity of the litigant has been kept confidential; whether identification poses a risk of mental or physical harm, harassment, ridicule or personal embarrassment; whether the case involves information of the utmost intimacy; whether the action is against a governmental entity; the magnitude of the public interest in maintaining confidentiality or knowing the party's identity; whether revealing the identity of the party will dissuade the party from bringing the lawsuit; whether the opposition to anonymity has an illegitimate basis; and whether the other side will be prejudiced by use of the pseudonym."

10.  It is beyond civility, that due to the deeply personal and sensitive subject matter involving sexual abuse, assault and battery, the plaintiff should be permitted to proceed anonymously.

### GRANTING LIMITED SEALING UNDER 22 NYCRR 216.1(a)

11.  New York law presumptively favors broad access by the public and the press to judicial proceedings and court records, placing the burden on the party favoring sealing to show a compelling interest that likely would be harmed by granting public access. Mosallem v. Berenson, 76 A.D.3d 345, 905 N.Y.S.2d 575 (First Dept. 2010); Mancheski v. Gabelli Group Capital Partners, 39 A.D.3d 499, 835 N.Y.S.2d 595 (Second Dept. 2007). However, "the right of access is not absolute." Danco Labs. v. Chemical Works of Gedeon Richter, 274 A.D.2d 1, 711 N.Y.S.2d 419 (First Dept. 2000), and a court determining whether there is good cause for sealing court records pursuant to 22 NYCRR 216.1(a) must weigh the competing interests of the public and the parties, authorizing the sealing only in the prudent exercise of the court's discretion. *See supra* Mancheski v. Gabelli.

12.  The Supreme Court conducted an independent review of, and made specific factual findings with respect to, each of the documents at issue, rendering a sealing order appropriately tailored to the circumstances. Notable, the court determined that only certain documents would be sealed O'Reilly v. Klar, 167 A.D.3d 919, 90 N.Y.S.3d 242 (Second Dept. 2018).

13.  In the instant matter, the plaintiff is asking that in the litigation of this matter deposition transcripts be under a sealing order as well as any other documents, records, etc., that would contain names or pedigree information that could result in their identities being determined. Given the circumstances of the highly sensitive nature of the acts the plaintiff has

been subjected to, plus the popularity and celebrity status of the defendant, this strikes a fair balance and is narrowly tailored.

## CONCLUSION

14. Accordingly, the Court should execute an Order letting the defendant show cause pursuant to CRL §50-b, allowing the plaintiff to proceed as "ANONYMOUS," and pursuant to 22 NYCRR 216.1(a), permitting a limited sealing of the plaintiff's deposition transcripts and any documents that may lead to plaintiff's identification in all future proceedings in this matter by the plaintiff against the defendant, MIKE TYSON, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       January 5, 2023

_____
DARREN SEILBACK, ESQ.