UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANONYMOUS,

          Plaintiff,

-against-

MIKE TYSON,

          Defendant.

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Civil Action No.: 1:23-CV-0142 (TJM/ATB)

---

This matter having come before the Court by stipulation of Plaintiff, Anonymous, and Defendant, Mike Tyson, (Plaintiff and Defendant are referred to collectively as "Parties" and individually as "Party") for the entry of a protective order pursuant to Federal Rules of Civil Procedure 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either Party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein and good cause having been shown;

**IT IS HEREBY ORDERED;**

1.    This Stipulation is being entered into to facilitate the production, exchange and use of all "Discovery Materials," as defined below, which are created or produced in connection with the above-captioned action. "Discovery Materials" shall include the identity of Plaintiff as the Plaintiff in this action, transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories;

documents or things produced by any Party, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party to any Party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

2. Any Party or, as appropriate, non-party, may designate Discovery Materials in connection with this action as "confidential," either by notation on each page of the document so designated, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

   a. Confidential Information" shall mean (i) all Discovery Materials and all information contained therein, and other information designated as confidential, if such Discovery Materials contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

   b. "Producing Party" shall mean the Parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

  c. "Receiving Party" shall mean the Parties to this action and/or any nonparty receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4.   The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

5.   Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

  a. Spouses or other associates of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have executed the attached exhibit agreeing to be bound by the obligations hereunder;

  b. Counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or

control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    c. Expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

    d. The Court and court personnel;

    e. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

    f. Pretrial, actual trial and deposition witnesses; and

    g. Any other person agreed to by the Parties.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of the fifteen day period, the deposition shall be classified appropriately.

9. If any Party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Materials designated Confidential Information, it shall serve reasonable advance notice thereof on all other Parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information. If the Parties cannot agree, the Producing Party shall file a motion to seal within seven (7) days of the failed conferral. The materials shall continue to be designated as confidential unless or until the Producing Party fails to file a timely motion or the court denies the motion to seal.

10. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Discovery Material which has been designated as "Confidential Information" under the terms hereof. A witness at a deposition who is given access to Confidential Information shall be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

11. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion thereof. In the case of Discovery Materials, produced by a non-party, designation

shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portion which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in shorter period of time), all such Discovery Materials shall be treated as Confidential Information.

12. (a) A Party or, as appropriate, non-party, who seeks to file with the Court (i) Discovery Materials or other documents which have previously been designated as comprising or containing Confidential Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall file the document, pleading, brief, or memorandum on the PACER system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the Producing Party fails to move to seal within seven (7) days of the Redacted Filing, the Party, or, as appropriate, non-party, making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(b) In the event that the Party's, or, as appropriate, non-party, filing includes Confidential Information produced by a Producing Party that is a non-party, the filing Party shall so notify that Producing Party within twenty-four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential Information unredacted.

(c) If the Producing Party makes a timely motion to seal, and the motion is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the Court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the PACER system. If the Producing Party's timely motion to seal is denied, then the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(d) Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 12 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(e) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a Party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

14. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party

identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15.    Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16.    The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of any information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

17.    The provisions of this Stipulation shall not terminate at the conclusion of this action. Within thirty (30) days of the final termination of this lawsuit, whether by judgment, settlement or conclusion of proceedings on appeal, the Parties agree that a party may request the return or destruction of any material containing Confidential Information in the possession of the other party or any non-party who has received Confidential Information during the course of this litigation. The party receiving this request shall have fourteen (14) days to comply. Notwithstanding the foregoing, the attorneys of record may retain all correspondence, depositions, pleadings, briefs, memoranda, motions and other documents containing attorney-client privileged materials and/or attorney work-product that refers to or incorporates Confidential Information and will continue to be bound by the terms of this Stipulation with respect to the retained information. Notwithstanding the foregoing, it shall not be a violation of this Stipulation for a Party to continue to retain Confidential Information the retention of which is required by law.

18. This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly notice motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

19. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: March 27, 2023

| ODDO & BABAT, P.C. | GIRVIN & FERLAZZO, P.C. |
|---|---|
| Darren Seilback, Esq.<br>*Attorneys for Plaintiff*<br>8 West 38th Street, Suite 1002<br>New York, New York 10018<br>ds@oddobabat.com | Patrick J. Fitzgerald, Esq. (518414)<br>Daniel S. L. Rubin, Esq. (511103)<br>*Attorneys for Defendant Mike Tyson*<br>20 Corporate Woods Blvd.<br>Albany, New York 12211<br>Telephone: (518) 462-0300<br>Email: pjf@girvinlaw.com<br>Email: dsr@girvinlaw.com |

IT IS SO ORDERED:

Andrew T. Baxter
U.S. Magistrate Judge

Dated:   3/27/2023
        Syracuse, NY

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANONYMOUS,

                      Plaintiff,       **AGREEMENT AS TO CONFIDENTIAL MATERIAL**

      -against-                 Civil Action No.: 1:23-CV-0142 (TJM/ATB)

MIKE TYSON,

                      Defendant.

I, _____ state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Signature: _____

Printed Name: _____

Date: _____