DAVID M. ODDO
ERIC M. BABAT

DARREN R. SEILBACK

MARLA JONAS
OF COUNSEL

**ODDO & BABAT, P.C.**
ATTORNEYS AT LAW

8 WEST 38th STREET, 10th Fl.
NEW YORK, NEW YORK 10018

TEL: 212-642-0950
FAX: 212-642-0953
www.OddoBabat.com

HON. RANDOLPH JACKSON
Justice NYS Sup. Ct. (Ret.)
OF COUNSEL

April 13, 2023

Hon. Andrew T. Baxter
Federal Building and U.S. Courthouse
P. O. Box 7396
Syracuse, NY 13261-7396

   Re: Anonymous v. Mike Tyson
      Civil Action No: 1:23-CV-0142 (TJM/ATB)
      Our File No: 12372

Dear Hon. Justice Baxter:

  Plaintiff respectfully submits this letter brief at the direction of the Court on March 15, 2023 in further support of her application to proceed with this matter anonymously:

  Plaintiff commenced this action against defendant, Mike Tyson, pursuant to the Adult Survivors Act, alleging that he violently raped her in the back seat of his limousine in the City of Albany in the early 1990s. On that evening, the plaintiff met Mr. Tyson at a dance club called "Septembers." Mr. Tyson asked the plaintiff to accompany him in his limousine and join him at a party. When the plaintiff entered Mr. Tyson's limousine, he immediately began inappropriately touching her in a sexually manner. Despite the plaintiff's pleas to stop, and making it clear that she did not consent to any of Mr. Tyson's sexual advances, he continued forcibly kissing her and brutally attacked the plaintiff, eventually pulling off her pants and violently raping her against her will. Attached hereto as Exhibit "A" is plaintiff's affidavit previously submitted in support of the Order to Show Cause filed with the Supreme Court, Albany County.

  Pursuant to Rule 16 in Title III of the Federal Rules of Civil Procedure, the plaintiff seeks permission to proceed in this case using the pseudonym "Anonymous," which includes references in the case caption, notices, decisions, judgments, orders, and any other filings with the Court or relating to this action. A confidentially stipulation was already "so ordered" directing the parties in this action, as well as their attorneys and agents, to refrain from publishing the plaintiff's true identity. It is submitted that the protection of plaintiff's privacy in this matter is not only essential to avoid further mental harm, harassment, ridicule and personal embarrassment, but is critical to protect her from physical assault by the media and Tyson's fans.

**ODDO & BABAT, P.C.**
A PROFESSIONAL CORPORATION

Page 2

In deciding whether or not to permit a litigant to proceed anonymously, the Court must balance the plaintiff's interests against public policy and the potential for prejudice to the defendant. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008). Rule 10(a) of the Federal Rules of Civil Procedure states that "[t]he title of the complaint must name all the parties ..." Fed. R. Civ. P. 10(a). While the public is generally entitled to facts concerning who is using the court system and public proceedings support the judicial goal of fair legal determinations, courts recognize that necessary exceptions exist to the requirement that the identity of parties be disclosed. Doe #1 v. Syracuse Univ., No. 518CV0496FJSDEP, 2018 WL 7079489, at *3 (N.D.N.Y. Sept. 10, 2018), report and recommendation adopted, No. 518CV00496BKSML, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020).

The Second Circuit has created a non-exhaustive list of ten factors to be considered by the Court in balancing the interests of the parties, and to determine whether a plaintiff's circumstances substantiate maintaining their identity confidential. This list includes the following ten elements: "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypical weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." Id. In the instant case, plaintiff submits that these considerations weigh heavily in favor of protecting plaintiff's privacy and allowing her to proceed anonymously.

### **Plaintiff's interest in remaining anonymous clearly outweighs the potential for prejudice to the defendant and the public's interest in disclosure, when applying the ten factors promulgated by the Second Circuit.**

Matters involving rape and sexual assault have often been found to epitomize the very definition of sensitive and personal in nature. The public has a strong interest in protecting victims of sex crimes in order to prevent deterrence of the reporting of these highly personal and traumatic events. Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). In this case, the Court's finding that the plaintiff should be entitled to anonymity was based not only on this public interest in not deterring other victims come forward because of a fear of further invasion of their privacy, but also discussed the fact through legislation such as N.Y. Civil Rights Law § 50–b. The Court stated that the State of New York has demonstrated its interest in protecting the identity of sexual

**ODDO & BABAT, P.C.**
A PROFESSIONAL CORPORATION

Page 3

assault victims. The governor of New York at the time this law was enacted, Mario Cuomo, stated that "sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy." 1991 McKinney's Sessions Laws of N.Y., at 2211–2212 (quoted in Kolko at 196).

Within the Second Circuit, in cases that would generate significant media attention and where details of sexual assault would be recounted and discussed often, the protection of a plaintiff's identity has been found to outweigh the need to reveal such information, due to the nature of the case, and the impact that disclosure would have on the plaintiff as well as future plaintiffs in similar actions. Doe on behalf of Doe No. 1 v. Nygard, No. 20 CIV 6501 (ER), 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020) (the plaintiff was allowed to proceed anonymously in large part because the Court heavily considered the fact that defendant was powerful, and allegations involving sexual assault, which are inherently sensitive and personal, would be discussed throughout the course of litigation, and could lead to retaliation against the plaintiff). Like the plaintiff in the present case, the plaintiff in Nygard similarly asserts claims of rape and both cases have generated significant media attention.

If the plaintiff's name became public, she surely would be subjected to the scrutiny of the media and public, and particularly fans of the defendant. This media coverage and harassment by the defendant's supporters would undoubtedly be extremely traumatic to plaintiff, particularly when she has kept this matter private for so many years. The defendant, Mr. Tyson, is an international celebrity who generates significant coverage and this matter would turn into a media circus. As a result, intimate details, which will inevitably be revealed in the course of litigation, will be made public. In addition to the harassment and threats that will be made by the defendant's supporters and members of the public, the plaintiff's entire life will be altered as a result of the litigation. Not only will this have a significant, negative impact on the plaintiff, but this will only serve to deter others from coming forward with similar claims against celebrities or powerful parties, which is against public interest. New York legislation and prior court decisions have stated that requiring a victim to become public should be avoided when possible. By contrast, protecting the plaintiff's identity and allowing her to proceed anonymously would not prejudice the defendant in any manner.

If recent events surrounding the litigation support the plaintiff's legitimate fear that revealing her identity would put her at risk of physical harm, the Court has found that this factor weighs substantially in favor of the plaintiff proceeding under a pseudonym. Doe #1 v. Syracuse Univ. at *5 (where the Court found that the plaintiff's assertion that individuals associated with their organization have been harassed in connection with the subject litigation, as well as the fact that the public will be able to easily access court documents, was sufficient to demonstrate that anonymity be granted in order to protect the plaintiff's safety). In the present case, the defendant is an incredibly well known celebrity with millions of fans and supporters, and anything associated with his name generates significant media coverage. Recently, following the plaintiff's

**ODDO & BABAT, P.C.**
A PROFESSIONAL CORPORATION

Page 4

commencement of litigation, another woman, who was mistakenly believed to be the plaintiff in this case, was contacted with death threats and intimidations to leave Mr. Tyson alone. (Our office is attempting to get an affidavit from this individual). These events are very similar with those of Syracuse Univ., in that an individual either believed to be the plaintiff or connected to the plaintiff faced threats and harassment because of their involvement in the litigation. If the plaintiff's true identity is released, it is anticipated that she will face similar repercussions. The plaintiff is understandably concerned about her safety if her identity becomes public. Immediately after this suit was filed, my office received multiple inquiries from a variety of news outlets seeking more information about the claim. If the Court rules against the plaintiff, and requires her identity to be revealed, the plaintiff as well as her family members and other individuals, such as witnesses, would face the legitimate threat of substantial physical and emotional harm, and intimidation as a result of this litigation. For this reason, the Court should grant plaintiff's application.

In determining the plaintiff's risk of suffering additional harm, the Court must examine the likely consequences of releasing the plaintiff's identity. Where the plaintiff faces the risk of being subjected to "unnecessary ridicule and attention" as well as permanent damage to his or her character without advancing any aspect of the litigation, this factor has been determined by the Court to weigh heavily in favor of the plaintiff. Doe v. Colgate Univ., No. 515CV1069LEKDEP, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (allowing the plaintiff to proceed under a pseudonym because the case would generate significant media attention, which posed reputational harms to alleged perpetrators and accusers of sexual assault, and the potential harm to the plaintiff outweighed the interest in revealing their identity). In the present case, the plaintiff will undoubtedly face this sort of ridicule and be subjected to a media circus. Additionally, the plaintiff faces the risk of permanent damage to her reputation as a result of her claim against such a famous, public figure. This risk substantially outweighs any desire the defendant may have to publicize the plaintiff's identity.

Another substantial factor that the Court must weigh is the impact that maintaining the plaintiff's anonymity would have on the defendant. "To evaluate this factor, the Court must assess the fundamental fairness of allowing plaintiff to proceed anonymously, the damage to defendants' reputation caused by maintaining plaintiff's anonymity, and the difficulties associated with conducting discovery in an anonymous proceeding." Doe #1 v. Syracuse Univ., at *7. In considering this issue, the Court has ruled in favor of the plaintiff when there is no indication that the defendant's ability to litigate the case is impacted by the plaintiff's identity remaining confidential, and that "[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers." Doe v. Colgate Univ., at *3. Essentially, the Court must consider whether maintaining confidentiality of the plaintiff's identity would result in any additional reputational arm and whether it would impede on the defendant's ability to defend themselves due to the plaintiff's anonymity. First, it is clear that Mr. Tyson's ability to litigate this matter will in no way be prejudiced if the plaintiff proceeds anonymously. In fact, plaintiff's counsel has disclosed plaintiff's identity to Mr. Tyson's counsel, subject to a confidentiality agreement, and

**ODDO & BABAT, P.C.**
A PROFESSIONAL CORPORATION

Page 5

they have already started their investigation into the merits. Therefore, similarly to Syracuse Univ., the only issues or inconvenience the defense will experience as a result of plaintiff's anonymity in litigating this matter will be the need to ensure they do not disclose the plaintiff's identity and any measures and redactions associated with doing so. Doe #1 v. Syracuse Univ., at *7-8; *See also* Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 687 (11th Cir. 2001) (where the Court found that the defendant's argument that anonymity would prevent adequate discovery was "eviscerated" by the fact that the plaintiff's true identity had been released to the defendant). Additionally, courts have found that when the plaintiff's identity is disclosed to the defense, there is no reason to believe that maintaining the confidentiality of the plaintiff's identity would result in any additional reputational harm to the defendant in this instance. Accordingly, it is inconceivable that Mr. Tyson will be prejudiced in any way if the plaintiff should be permitted to proceed anonymously.

Furthermore, in deciding on whether or not to allow a plaintiff to maintain confidentiality of his/her identity, the Court is to consider whether or not "there are any alternative mechanisms for protecting the confidentiality of the plaintiff." Syracuse Univ., at *3. If the Court denies the instant application, no other alternatives exist to protect the plaintiff's confidentiality, and thus, her identity will be released. Therefore, the Court must allow the plaintiff's identity to remain confidential because in applying the balancing test between parties' interests, the plaintiff's interests far outweigh the opposing interests.

It required tremendous courage for the plaintiff to come forward against Mr. Tyson after being brutally raped by him many years ago. As a result of the defendant's celebrity status, international fame and fandom, this matter will be a highly publicized media spectacle. It will impose a tremendous hardship on the plaintiff and cause her to be further humiliated or even worse, physically threatened if the Court requires that her identity be revealed to the public. Recent events illustrate that the plaintiff would face a legitimate threat of physical harm or death if her identity is publicized in connection with these proceedings. To the contrary, the defendant's ability to proceed in this matter is in no way limited by maintaining the plaintiff's confidentiality. In light of these facts, as well as the highly personal nature of the plaintiff's claims, this case epitomizes the exception to permit plaintiff to maintain the confidentiality of her identity.

Respectfully submitted,

ODDO & BABAT, P.C.

Darren Seilback, Esq.