

20 Corporate Woods Blvd.
Albany, New York  12211
tel: 518 462 0300
fax: 518 462 5037
www.girvinlaw.com

*Daniel S. L. Rubin*
*Partner*
*dsr@girvinlaw.com*

May 15, 2023

**VIA CM/ECF**
Hon. Andrew Baxter, USMJ
US District Court, NYND

      Re:    *Anonymous v Mike Tyson*, NDNY Case No. 1:23-cv-00142-DNH-ATB

Dear Judge Baxter:

      Girvin & Ferlazzo, P.C. represents Mike Tyson ("Defendant") in the above referenced action.  Please accept this letter as Defendant's opposition to Plaintiff's application to proceed pseudonymously in this action (Dkt. No. 17).

      Plaintiff should not be permitted to bring this action under the pseudonym "Anonymous" because (1) she has forfeited the privilege of proceeding anonymously by intentionally courting media attention while this matter was pending in state court through irrelevant, self-serving allegations made in her state court application to proceed anonymously that were clearly intended for the consumption and distribution of the national news media; and (2) the ten factors identified by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (collectively the "Doe Factors"), on balance, weigh against granting her application – particularly in light of the fact that Plaintiff has failed to provide any admissible "evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of [her] name."  *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022).

**POINT I:**    **Plaintiff Forfeited the Privilege of Proceeding Pseudonymously by Courting National Media Attention**

      Prior to the removal of this action, Plaintiff sought leave, via Order to Show Cause, to proceed anonymously in State Court (the "OTSC").  Albany County Supreme Court, Index No. 900096-23, NYSCEF Doc. No. 6.  Although Plaintiff or her counsel has not yet made any direct comments to the press that we are aware of, it is clear that Plaintiff's OTSC included wholly uncorroborated and self-serving statements that had no relevance to the OTSC, and were asserted for the sole purpose of consumption by the media.  For example, although it had no bearing on whether Plaintiff should be permitted to proceed under a pseudonym, Plaintiff's counsel averred in his affirmation that his "office conducted a thorough and incredulous investigation into these allegations and determined that they are <u>highly</u> credible.  Indeed, it turned out that numerous allegations have been made against the defendant," and that there is "overwhelming evidence that the current allegations against [Defendant] are credible."  NYSCEF Doc. No. 3 at ¶¶ 4, 6.  Notably,

Plaintiff's counsel did not provide any detail regarding the alleged "incredulous investigation" allegedly conducted, nor of the "overwhelming evidence" allegedly supporting Plaintiff's claims.

It is undeniable that Plaintiff knew this matter would be picked up by the news media. Indeed, her attorney acknowledged "[t]his will be in the news across the country." NYSCEF Doc. No. 3 at ¶ 4. Unsurprisingly, as predicted by Plaintiff's counsel, the action has hit the news and these self-serving statements are now being quoted writ large in articles from nearly every significant news outlet in the country, including Sports Illustrated, ESPN, the New York Post and Fox News. This was undoubtedly the intent behind making these statements.

Similarly, in an apparent attempt to further sensationalize this case, Plaintiff commenced this action with a mere Summons With Notice (NYSCEF Doc. No. 1) pursuant to CPLR 305(b), to circumvent the prohibition against specifying the amount of damages sought in a personal injury action pursuant to CPLR 3017(c).[1] There is no reasonable explanation for commencing this action in this manner other than to ensure that the national news media would seize upon the opportunity to report Plaintiff's multi-million-dollar demand. Clearly, there was no need to rush the commencement of the action in order to avoid issues related to the statute of limitations as the lookback period for filing actions under the Adult Survivors Act will remain open until November 2023. CPLR 214-j. And, it is evident from the details provided in Plaintiff's affidavit that Plaintiff's counsel had more than enough information to draft a legally sufficient complaint (even under federal plausibility standards). *See generally* NYSCEF Doc. No. 4 (refiled in this action as Dkt. No. 17-1). Plaintiff knew that requesting relief in the amount of $5,000,000.00 would make headlines across the country.

This Court should not allow Plaintiff to intentionally create a media frenzy based on uncorroborated self-serving statements that her allegations are overwhelmingly credible, and then allow her to avoid any scrutiny of those allegations by hiding from the press behind a cloak of anonymity. *See Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *4 ("courts have found that defending against such allegations publicly, while a plaintiff is permitted to make her 'accusations from behind a cloak of anonymity,' is prejudicial"); *see also Doe v. Kidd*, 19 Misc. 3d 782, 789, 860 N.Y.S.2d 866 (Sup. Ct. 2008) (same).

**POINT II:**   **The Doe Factors Weigh against Granting Plaintiff's Application, Particularly in Light of Plaintiff's Failure to Make Any Evidentiary Showing.**

Pursuant to FRCP 10(a), the "title of a complaint must name all the parties." This requirement serves "several vital purposes" including, chiefly, facilitating "scrutiny of judicial proceedings" and the public's "right to know who is using their courts," and, as a result, this requirement "cannot be set aside lightly." *See Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022) (citing *Sealed Plaintiff*).

---

[1] As noted in the practice comments in CPLR 3017, "[i]t is important to note that while CPLR 3017(c) was amended to bar a statement of a specific amount in claims for personal injury or wrongful death, CPLR 305(b) was not similarly amended. . . . A CPLR 305(b) notice must state, among other things, the 'sum of money for which judgment will be taken if there should be a default,' except in an action for medical malpractice. If a lawyer wrongfully assumes that the amendment to CPLR 3017(c) applies to a CPLR 305(b) notice, the result can be deadly in a personal injury or wrongful death action not based on medical malpractice. The failure to allege the sum sought in the notice in these circumstances might render the notice defective, requiring dismissal of the action."

In a recent thoughtful decision applying the Doe Factors in a sexual abuse case, the Southern District of New York succinctly identified the crux of the matter:

> The courts in this District have considered in several cases whether to permit a plaintiff who alleges that she or he has been raped or been the subject of sexual assault to proceed pseudonymously. Although each of the decisions rehearse the identical ten *Sealed Plaintiff* factors, frequently employing the identical language, the results across the board come down to this: A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously. Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously. It is a rare case where a plaintiff who has been sexually assaulted or raped has not suffered some physical or psychological injury. The rule is the same for a plaintiff as for a defendant who is accused and who might want to keep his or her identity confidential. Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser. **Thus, something more is required to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name.**

*Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (emphasis added).

While the decision on such an application is left to the Court's discretion, it is clear that "threadbare" allegations, not supported by sufficient evidence, are insufficient to warrant the granting of an application to proceed by pseudonym. *See, e.g.*, *Does 1 - 10 v. Suffolk Cnty., New York*, No. 21-1658, 2022 WL 2678876, at *2 (2d Cir. July 12, 2022) (upholding denial of leave to proceed anonymously where evidence provided by plaintiffs was "threadbare").

Here, the only evidence submitted by Plaintiff in support of her application is her own affidavit.[2] In salient part, Plaintiff's affidavit alleges that: (1) more than 30 years ago, while she was an adult, she was allegedly raped by the Defendant; (2) she has suffered emotional distress as a result of the alleged rape; (3) she "knows" that she would be "attacked" by the media and all of Defendant's fans if her identity is revealed; and, (4) revelation of her identity to her friends, family co-workers and the general public would "pose a risk [] of further mental harm, harassment, ridicule or personal embarrassment." Notably, Plaintiff does not provide any evidence to support her claim that she would be attacked by the media or Defendant's fans; that she has kept this incident confidential from her family, friends, or co-workers; that she is unwilling to proceed in this lawsuit under her own name or, as to the type or severity of harm that would result *directly* from the revelation of her name as part of this lawsuit. Dkt. No. 17-1 (Plaintiff's Affidavit).

---

[2] Although Plaintiff's Counsel, through his letter brief to the Court, offers multiple unsupported conclusions of fact – including a claim that another individual mistakenly suspected of being Plaintiff was threatened – he does so without citation to any evidence of any kind. *See generally* Dkt. No. 17 (Plaintiff's Letter Brief). Plaintiff's Counsel's unsupported and unsworn conclusions are not evidence. *Cf. United States v. Marquez*, 367 F. Supp. 2d 600, 603–04 (S.D.N.Y. 2005) (holding that unsworn "attorney allegations cannot provide the Court with a basis for making a finding of fact" and citing *Giannullo v. City of New York,* 322 F.3d 139, 142 (2d Cir. 2003) for the proposition that "a memorandum of law 'is not evidence at all'").

Analysis of the Doe Factors, particularly based on the scant evidence before the Court, clearly militates against granting the application.

*Factor 1:* Defendant agrees that allegations of rape are of a personal and sensitive nature. However, it is well-established that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021).

*Factor 2:* Plaintiff's allegation that she would suffer physical or retaliatory harm is wholly speculative. The sole evidence presented by Plaintiff is her claim that she "knows" she would be attacked by the media and Defendant's fans. This claim is too "threadbare" to support her application. *See Rosenberg v. City of New York*, No. 20-CV-3911 (LLS), 2020 WL 4195021, at *2 (S.D.N.Y. July 20, 2020) (collecting cases to establish that Plaintiff's "wholly speculative" claims that he would be subjected to harm were insufficient to warrant finding that this factor weighed in his favor).[3]

*Factor 3:* Plaintiff's conclusory allegation that she has suffered from psychological harms as a result of the alleged rape and that publishing her name could cause her to re-experience these harms (Plaintiff's Affidavit at ¶ 4) does not establish that the revelation of her name, rather than the process of litigating this claim generally, would cause that re-traumatization. Nor does Plaintiff provide any evidence of the severity of such symptoms, such as an affidavit from a mental health professional. Similarly, while Plaintiff claims that revelation of her name to her family, friends and co-workers would re-traumatize her (Plaintiff's Affidavit at ¶ 5), she does not claim that she has kept this information secret from any of them (or anyone else) in the past, nor does she provide any evidence linking the revelation of her name to this alleged consequence.

As a result, this Court lacks sufficient evidence to find that the speculative harm weighs in favor of granting the application. *See Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2-4 (reasoning that the *sine qua non* of a successful pseudonym application was "evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name" and holding that the conclusory and speculative claims of mental harm in that case were not directly linked to disclosure of the plaintiff's name and did not establish the severity of the alleged harm); *Rapp v. Fowler*, 537 F. Supp. 3d at 529–30 (noting that re-exposure to the alleged harm is an "inevitable consequence" of litigation and that plaintiff failed to adduce any evidence that would sufficiently establish that the revelation of the plaintiff's name, rather than the inevitable consequences of litigation, would cause the alleged exacerbation); *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678(RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (same); *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006) (same).

*Factor 4:* Plaintiff, who is an adult and who was an adult at the time of the alleged rape, is not "particularly vulnerable" to possible harms of disclosure. *See Rapp v. Fowler*, 537 F. Supp. 3d at 530 ("Though C.D. brings allegations relating to alleged sexual abuse as a minor, he now is an adult in his 50s who has chosen to level serious charges against a defendant in the public eye. This factor weighs in favor of his shouldering the burden of such accusations").

---

[3] Contrary to Plaintiff's assertion, the decision in *Doe # 1 v. Syracuse University* undermines, rather than supports, her claim because proof that the plaintiff would suffer physical harm in that case was – unlike here – supported by actual evidence. *Doe #1 v. Syracuse Univ.*, No. 518CV0496FJSDEP, 2018 WL 7079489, at *5 (N.D.N.Y. Sept. 10, 2018), *report and recommendation adopted*, No. 518CV00496BKSML, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020) (noting that proof was adduced that plaintiffs and others had "experienced physical and verbal assaults, as well as threats of physical assault, based solely upon their affiliation with the fraternity, and have suffered extreme emotional distress").

4

*Factor 5:* "Because the action is challenging the actions of private parties, the fifth factor disfavors the[] application as well." *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *4; *see also Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 ("While suits against the government involve no injury to the Government's reputation, suits against private parties may cause damage to their good names and reputations—which supports denying a request to proceed anonymously") (cleaned up).

*Factor 6:* While Plaintiff's counsel alleges, without analysis, that Defendant will not be prejudiced by granting this application, courts have held the opposite. As noted above in Point I, Plaintiff has intentionally created a media frenzy about this case by sensationalizing it and trying the case in the court of public opinion by making unsubstantiated claims that her allegations are highly credible and based on significant investigation. Further, in a case like this, where the alleged rape occurred 30 years ago and many witnesses may not know whether their testimony is relevant if they do not know the identity of the plaintiff, granting pseudonymity will prevent witnesses from coming forward because "they have no way of knowing that their information would be pertinent." *Rapp v. Fowler*, 537 F. Supp. 3d at 531. Preventing currently unknown witnesses from coming forward hinders Defendant's defense and "the judicial interest in accurate fact-finding and fair adjudication." *Id.* Further, having intentionally made a public spectacle of this matter by accusing Defendant of outrageous conduct, Plaintiff has put her own credibility at issue and "fairness requires that she be prepared to stand behind her charges publicly." *Id.* (cleaned up).

*Factor 7***:** While we are not aware of Plaintiff's name being leaked to the press, Plaintiff has not claimed that she has kept her allegations private for the last 30 years. Accordingly, Plaintiff has failed to make any evidentiary showing that would permit this Court to rule that this factor weighs in her favor.

*Factor 8***:** Not only does the public generally have an interest in knowing the identities of litigants, this interest is "magnified" in cases involving "allegations against a public figure." *Rapp v. Fowler*, 537 F. Supp. 3d at 532; *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 97 (S.D.N.Y. 2020) (noting that the "great public interest" in an sexual assault accuser's identity is heightened when the accused is a public figure).

*Factor 9:* Given that the issues here are not "purely legal," this factor weighs against Plaintiff's application. *Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *3.

*Factor 10:* To the extent that Plaintiff is concerned about her medical records or sensitive testimony making its way onto the docket or into the public sphere, those concerns can adequately be protected against through the use of a protective order – which has already been voluntarily entered into by Defendant in this case. *Rapp v. Fowler*, 537 F. Supp. 3d at 533 (noting this factor weighed against plaintiff because "less drastic remedies" including a protective order could shield "particularly sensitive" information); *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (alternative measures to proceeding by pseudonym weighed against granting the application and noting that redacted and sealed submissions are routinely used in cases involving sensitive medical information).

In essence, given the lack of any evidentiary showing to the contrary, Plaintiff asks this Court to hold that allegations of a sensitive and personal nature *standing alone* are sufficient to outweigh the presumption of openness attendant to civil court proceedings. This runs contrary to the caselaw in this Circuit and to do so would improperly create an exception that swallows the rule, rendering analysis under the Doe Factors wholly superflous.

Accordingly, Plaintiff's application should be denied and Plaintiff should be directed to file a complaint in her own name.

Very truly yours,

**GIRVIN & FERLAZZO, P.C.**

By: Daniel S. L. Rubin, Esq.

cc: *(Via CM/ECF)*
Darren R. Seilback, Esq.
Oddo & Babat, P.C.
*Attorneys for Plaintiff*