UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTI PINTO,<br><br>         Plaintiff,<br><br>   - against -<br><br>MIKE TYSON,<br><br>         Defendant. | Civil Case No:<br><br>**VERIFIED COMPLAINT** |

Plaintiff, CHRISTI PINTO, by her attorneys, ODDO & BABAT, P.C., as and for her Complaint, respectfully alleges, upon information and belief:

## NATURE OF THE CLAIM

1. This action is brought pursuant to the New York Adult Survivors Act, CPLR § 214-j. The claim arose on or about March 1, 1991, when plaintiff was brutally raped and sexually assaulted by defendant in the rear of his limousine. The conduct at issue constituted sexual offenses in violation of a section within Article 130 of the New York Penal Law, and resulted in physical, psychological and emotional injuries.

## PARTIES

2. Plaintiff, CHRISTI PINTO, is a resident and domiciliary of the State of New York.

3. Defendant, MIKE TYSON, is a resident and domiciliary of the State of Nevada.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in New York, within this judicial district.

6. This Court has personal jurisdiction over defendant Tyson pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(2). Jurisdiction over Tyson is particularly appropriate because, in February 2023, Tyson intentionally removed this action against him, captioned *Anonymous v. Tyson*, Index number 900096-23, from the New York State Supreme Court to this Court.

## STATEMENT OF FACTS

7. On March 1, 1991, Plaintiff, CHRISTI PINTO, was brutally raped and sexually assaulted by defendant, MIKE TYSON, in the back of his limousine, when he overpowered and restrained her, and maliciously ignored her pleas for him to stop.

8. Tyson's attack severely injured Pinto, causing significant physical pain and suffering, lasting psychological harm, loss of dignity, various drug and alcohol addictions, and difficulties with maintaining and/or developing relationships with men or anyone in general.

9. The claim arose on or about March 1, 1991, on the plaintiff's birthday, when Pinto and a female co-worker went to Septembers, a dance club in Albany, New York. At the time, Pinto was friendly with the owner of Septembers, and a pop singer who often went to Septembers. This is why she chose to celebrate her birthday at Septembers.

10. Upon information and belief and at all times material, Mike Tyson was friends with these two other individuals, and they were aware of his propensity for violence and history of sexually assaulting women.

11. Pinto and her co-worker met Tyson at the club and spent part of the evening at Septembers with him and his limousine driver.

12. Later that evening, Tyson advised Pinto and her co-worker about a party going on at a hotel at State Street, and invited the women to join him. The women agreed, and plaintiff's co-worker left to drop off her car at her home.

13. When Pinto's co-worker left, plaintiff joined Tyson in the back of his limousine to go pick up her friend. Immediately, Tyson began touching the plaintiff and attempted to kiss her. She did not ask for or consent to his sexual advances and repeatedly told him to stop, but he continued to attack her.

14. Despite her attempts to defend herself, plaintiff was overwhelmed by Tyson's strength and sexual advances. At the time of the assault, Tyson had been the undisputed heavyweight champion of the world in boxing for the previous three years.

15. As soon as the assault began, the limousine driver closed the partition between himself and the back seats to provide privacy, essentially ignoring the abuse he knew was taking place.

16. Tyson then pulled off plaintiff's pants and violently raped her.

17. Tyson attacked plaintiff without her consent, solely to satisfy his own sexual desires.

18. Tyson's physical contact with plaintiff was unwelcomed, offensive and illegal.

19. Weeks after the incident, the club's owner and singer asked plaintiff if Tyson had been "inappropriate" with her, but out of embarrassment and fear, plaintiff told them no. Plaintiff was still trying to cope with the humiliation and trauma she suffered from the attack.

20. As a direct result of Tyson's conduct described herein, plaintiff has suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, physical, personal and psychological injuries.

21. Furthermore, plaintiff has developed lifelong problems including but not limited to issues with sex, and with being touched. This has led to the inability to maintain and/or develop

healthy relationships with men or anyone in general as well as frequent nightmares, panic attacks, and flashbacks.

22. Moreover, Pinto was prevented, and will continue to be prevented from performing normal daily activities and obtaining the full enjoyment of life and/or has incurred and will continue to incur expenses for psychological treatment, therapy and counselling, and, on information and belief has and/or will incur loss of income and/or loss of earning capacity.

23. In the aftermath, plaintiff confided to a few members of her family and friends, but ultimately, out of fear and humiliation, chose to remain predominately silent. Given Tyson's infamous aggression and violence along with his wealth and fame, plaintiff did not report the attack to the authorities out of fear that it would bring her unwanted attention and further harm.

24. In the years following the subject incident, Tyson was convicted of rape and has faced numerous allegations of rape and sexual assault from various women. Encouraged by the prospect of having her rapist held accountable and exposed for his sexual predation, plaintiff now wishes to vindicate her claim against Tyson.

25. The passage of the Adult Survivors Act in 2022 gave plaintiff new hope and the opportunity to obtain redress for her injuries and to demonstrate that even a man as powerful as Tyson can be held accountable under the law.

## COUNT I

### SEXUAL ASSAULT & BATTERY

26. Plaintiff incorporates by reference all the allegations of this Complaint set forth above as if fully set forth in detail herein.

27. Tyson committed battery against plaintiff when he forcibly raped and groped her.

28. Tyson intentionally, and without her consent, attacked plaintiff to satisfy his own sexual desires. Tyson's physical contact with plaintiff was offensive and wrongful under all the circumstances. Tyson continued to attack and rape plaintiff despite her attempts to fight against him and lack of consent.

29. Tyson's conduct was the direct and proximate cause of plaintiff's past and future substantial damages, including significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity, and invasion of privacy.

30. Tyson's actions constitute sexual offenses as defined in Article 130 of the New York Penal Law, including but not limited to rape in the first degree (§ 130.35), rape in the third degree (§ 130.25), sexual abuse in the first degree (§ 130.65), sexual abuse in the third degree (§ 130.55), sexual misconduct (§ 130.20), and forcible touching (§ 130.52).

31. Plaintiff's claim for battery is thus timely under the Adult Survivors Act, N.Y. C.P.L.R. § 214-j.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff incorporates by reference all the allegations of this Complaint set forth above as if fully set forth in detail herein.

33. Tyson's conduct as alleged herein was outrageous and exceeded all bounds of decency and is odious and utterly intolerable in a civilized society.

34. Tyson intended to cause plaintiff emotional distress and/or acted with reckless disregard of the probability that plaintiff would suffer severe emotional distress by proceeding with the sexual assault despite her protests.

35. Tyson used his status, power, and strength to isolate and abuse plaintiff, resulting in severe and lasting emotional distress.

36. As a direct result of the foregoing, the plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court:

i. Award plaintiff compensatory damages in an amount to be determined at trial;

      ii.      Award plaintiff punitive and exemplary damages in an amount to be determined at trial; and

      iii.      Award plaintiff pre-judgment and post-judgment interest, costs and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff, CHRISTI PINTO, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: New York, New York  
       July 12, 2023

ODDO & BABAT, P.C.

By: _____  
Darren Seilback, Esq.  
Attorneys for Plaintiff  
8 West 38th Street, Suite 1002  
New York, New York 10018  
(212) 642-0950  
File: 12372

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTI PINTO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>- against -<br><br>MIKE TYSON,<br><br>　　　　　　　　　　　Defendant. | Civil Case No:<br><br>**VERIFICATION** |

STATE OF NEW YORK　）
　　　　　　　　　　　： ss.:
COUNTY OF NEW YORK　）

　　　The undersigned, an attorney admitted to practice in the United States District Court for the Northern District of New York, hereby affirms under the penalties of perjury as follows:

　　　That affirmant is the attorney for the plaintiff in the within action; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's knowledge, except the matters stated to be alleged on information and belief, and that those matters affirmant believes to be true. The reason this verification is made by affirmant and not by the plaintiff is that the plaintiff does not reside in the County in which affirmant maintains an office. The grounds of belief as to all matters not stated upon affirmant's knowledge are documents, correspondence and records maintained in affirmant's files and conversations and conferences had with the plaintiff.

Dated: New York, New York
　　　　July 12, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　　DARREN SEILBACK

Civil Case No:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTI PINTO,

                        Plaintiff,

- against -

MIKE TYSON,

                        Defendant.

**SUMMONS AND VERIFIED COMPLAINT**

**ODDO & BABAT, P.C.**
Attorneys for Plaintiff
8 West 38th Street, Suite 1002
New York, New York 10018
(212) 642-0950